**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL DWAYNE BRIGGS | |
| Appellant | No. 538 MDA 2017 |

Appeal from the PCRA Order March 8, 2017
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000331-2012

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:               **FILED DECEMBER 18, 2017**

Carl Dwayne Briggs appeals from the March 8, 2017 order entered in the Mifflin County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  On appeal, counsel has filed an **Anders**[1] brief and a petition to withdraw as counsel.  We affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).  Because counsel seeks to withdraw on appeal from a denial of PCRA relief, he should have filed a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), rather than an **Anders** brief.  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).  We will refer to counsel's brief as a **Turner/Finley** brief.

On September 13, 2013, Briggs was found guilty of two counts of involuntary manslaughter, one count of driving under the influence of alcohol ("DUI"), two counts of homicide by vehicle while DUI, two counts of homicide by vehicle, and one count of limitations on overtaking on the left.[2] On November 22, 2013, the trial court sentenced Briggs to 6 to 12 years' incarceration. On April 23, 2015, this Court affirmed the judgment of sentence. Briggs did not file a petition for allowance of appeal.

On September 12, 2016,[3] Briggs filed a *pro se* PCRA petition based on ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016). The PCRA court appointed counsel. On February 16, 2017, the PCRA court held a hearing. On

---

[2] 18 Pa.C.S. § 2504, 75 Pa.C.S. §§ 3802(a)(1), 3735(a), 3732, and 3305, respectively.

[3] Briggs dated the PCRA petition September 12, 2016 and it was filed on September 19, 2016. Under the "prisoner mailbox rule," which "applies to all *pro se* legal filings by incarcerated litigants," a document is deemed filed on the date it is delivered to prison authorities or deposited in a prison mailbox. ***See Thomas v. Elash***, 781 A.2d 170, 176 (Pa.Super. 2001). "[A]n incarcerated litigant must supply sufficient proof of the date of mailing." ***Id.*** "[A]ny reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). "Where . . . the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3. Here, it is unclear when Briggs deposited his PCRA petition with prison authorities. However, because we conclude that Briggs is not entitled to relief, we find that remand is unnecessary. ***See Thomas***, 781 A.2d at 176 (finding that, although questions regarding timeliness of appellant's post-trial motions existed because document contained proof of service that was not notarized, remand to trial court for evidentiary hearing was unnecessary because appellant was not entitled to relief).

March 8, 2017, the PCRA court dismissed the petition as untimely. Briggs filed a timely notice of appeal.

Before we may address the merits of Briggs' appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under **Turner/Finley**. Counsel must "file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he or she has the right to proceed *pro se* or with privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

Taking together PCRA counsel's petition to withdraw and his brief, we conclude that he has substantially complied with the dictates of **Turner/Finley**. Counsel states that he "made a conscientious examination of the record," Pet. to Withdraw as Counsel at ¶ 1; that he conducted research; **Turner/Finley** Br. at 8; and that he reached the determination that the appeal is "wholly frivolous," Pet. to Withdraw as Counsel at ¶ 1. PCRA counsel mailed a copy of the petition and brief to Briggs and informed him that he

could retain private counsel or proceed without counsel. *Id.* at ¶ 2.[4] Further,

counsel's ***Turner/Finley*** brief filed with this Court explained why the issue

raised in the PCRA petition lacked merit.[5]

The issue raised in the 1925(b) statement, and re-iterated in the

***Turner/Finley*** brief,[6] was:

> The lower court erred in failing to find that [Briggs], being an inmate in a State Correctional Facility, and not being represented by counsel at the time, and not having direct access to information regarding Pennsylvania or United States Supreme Court decisions, did not file his Post Conviction Relief Petition within sixty (60) days of his learning of the ***Birchfield*** decision, dated June 23, 2016, rather than finding that because his Petition was filed more than sixty (60) days after June 23, 2016, his Petition was untimely, and that because it was jurisdictional in nature, his Petition had to be dismissed.

***Turner/Finley*** Br. at Statement of Matters Complained of ¶ 1.

Our standard of review from the denial of a PCRA petition "is limited to

examining whether the PCRA court's determination is supported by the

_____

[4] On July 17, 2017, this Court issued an order permitting Briggs to file a response, either *pro se* or through privately-retained counsel, to the ***Turner/Finley*** brief within 30 days. Briggs did not file a response.

[5] Counsel, while providing little discussion, did state that he agreed with the PCRA court that the PCRA petition was time barred because it was not filed within the 60 day limit.

[6] The ***Turner/Finley*** brief did not include a statement of issues presented, but did state: "The only issue raised in the Statement of Matters Complained Of is whether or not the lower court erred in finding that the 60 day limit found at 42 Pa.C.S. § 9545(b)(2) is jurisdictional in nature and accordingly a PCRA court cannot hear untimely petitions." ***Turner/Finley*** Br. at 3.

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We must first determine whether Briggs' PCRA petition is timely. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

This Court affirmed Briggs' judgment of sentence on April 23, 2015. Briggs did not file a petition for allowance of appeal. Thus, his judgment of sentence became final 30 days later, on May 23, 2015. ***See*** Pa.R.A.P. 1113(a) (providing that petition for allowance of appeal "shall be filed within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed"). Briggs had one year from that date, or until May 23, 2016, to file a timely PCRA petition. His current petition, filed on October 25, 2016, is therefore facially untimely.

To overcome the time bar, Briggs was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Briggs must have filed his petition

within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).

Briggs maintains that he qualifies for the new-constitutional-right exception to the PCRA time-bar, relying on ***Birchfield***.[7] However, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that ***Birchfield*** should apply retroactively to cases on post-collateral review. ***Commonwealth v. Wilcox***, ___ A.3d ___, 2017 PA Super 357, at *2 (Pa. Super. Nov. 13, 2017). Accordingly, Briggs has failed to establish the applicability of the subsection 9545(b)(1)(iii) timeliness exception. ***See Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 502 (Pa. 2002) ("[T]he language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed."). Therefore, the PCRA court did not err in dismissing Briggs PCRA petition as untimely.

_____

[7] In ***Birchfield***, the United States Supreme Court held that because "the taking of a blood sample" is a search within the meaning of the Fourth Amendment to the United States Constitution, police officers may not compel the taking of a blood sample without a search warrant, absent an applicable exception. ***Birchfield***, 136 S.Ct. at 2173, 2185. The Court held that, although implied-consent laws that impose civil penalties and evidentiary consequences for refusing to consent are constitutional, implied-consent laws that "impose criminal penalties" for refusing to consent to a blood test are unconstitutional because "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Id.*** at 2185-86. Further, in ***Commonwealth v. Evans***, this Court reviewed Pennsylvania's implied-consent law and found that "the law undoubtedly 'impose[s] criminal penalties on the refusal to submit to'" a blood test. 153 A.3d 323, 331 (Pa.Super. 2016) (quoting ***Birchfield***, 136 S.Ct. at 2185-86).

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017